*State of Maryland v. Aaron Terrell Alexander*
No. 1, September Term 2019


**Criminal Procedure – Probation – Probation Violations.**  A trial court has discretion, in appropriate circumstances, to dismiss a petition alleging that a defendant has violated a condition of probation without holding a hearing on the merits of the alleged violation.  In this case, the Circuit Court did not abuse its discretion when it dismissed a petition alleging a technical violation of probation when the defendant had already been incarcerated for a period that exceeded the presumptive sanction for that violation.  Maryland Code, Criminal Procedure Article, §§6-223; 6-224; Maryland Rules 4-346, 4-347.

**Criminal Procedure – Probation – Termination of Probation.**  A trial court has discretion, in appropriate circumstances, to terminate probation before the period of probation would otherwise expire without holding a hearing on that decision.  In this case, the Circuit Court apparently did not exercise discretion as the court appeared to be under the misimpression that the period of probation had already expired when it ended probation supervision of the defendant.  Accordingly, the case is to be remanded to the Circuit Court for further proceedings.  Maryland Code, Criminal Procedure Article, §6-223(a); Maryland Rule 4-346.

Circuit Court for Baltimore County
Case No. 03-K-14-001326
Argument: September 5, 2019

IN THE COURT OF APPEALS
OF MARYLAND

No. 1

September Term, 2019

_____

STATE OF MARYLAND

V.

AARON TERRELL ALEXANDER

_____

Barbera, C.J.,
McDonald
Watts
Hotten
Getty
Booth
Raker, Irma S.
(Senior Judge, Specially
Assigned),
JJ.

_____

Opinion by McDonald, J.

_____

Filed: March 26, 2020

Pursuant to Maryland Uniform Electronic Legal Materials Act
(§§ 10-1601 et seq. of the State Government Article) this document
is authentic.



Suzanne C. Johnson, Clerk

In the criminal justice system, a sentencing judge generally has significant discretion in devising an appropriate sentence. A common element of a sentence is a period of probation.[1] Maryland statutes and court rules confer discretion on a sentencing judge to set the conditions and duration of probation. When a defendant violates a condition of probation, the court may modify or revoke probation. For certain types of violations, a statute specifies a presumptive sanction for the violation.

This case concerns the discretion of a court to dismiss a probation violation petition and to terminate probation. Respondent Aaron Terrell Alexander pled guilty to theft in the Circuit Court for Baltimore County in 2014. The Circuit Court imposed a sentence of imprisonment but suspended execution of that sentence in favor of three years of supervised probation – a period that was later extended to February 2019. One condition of that probation was that Mr. Alexander pay restitution. In August 2017, Mr. Alexander was charged with violating conditions of his probation, including the restitution condition. After failing to appear for a hearing, he was taken into custody and detained for 26 days up to the date of the probation violation hearing in December 2017.

At the hearing, the court noted that Mr. Alexander had already been incarcerated for longer than the presumptive sanction of 15 days imprisonment provided by statute. The court dismissed the probation violation petition without determining whether Mr. Alexander had in fact committed the alleged probation violations. The court also appeared

---

[1] Joan Petersilia, *Probation in the United States*, 22 Crime & Just. 149 (1997) ("Probation is the most common form of sentencing in the United States.").

to believe that Mr. Alexander's probation period had ended – even though, as a result of the extension to February 2019, it had not – and declared that Mr. Alexander's probation had "expired" and was "over."

In our view, the Circuit Court had discretion to dismiss the probation violation petition without adjudicating the merits of the alleged violations. In light of the fact that Mr. Alexander had already served more than the presumptive statutory sanction, the court did not abuse that discretion when it did so. While the Circuit Court also had discretion to terminate Mr. Alexander's probation before it would otherwise expire, the record does not indicate that the Circuit Court in fact exercised such discretion. Accordingly, this case will be remanded to the Circuit Court for any necessary proceedings in which the court may either exercise its discretion, indicate that it has already done so, or take any other appropriate action.

# I

## Background

### A.    *Probation and the Resolution of Probation Violations*

*Imposition and Modification of Probation*

It has frequently been said that, when a court sentences a defendant following conviction in a criminal case, it is "vested with virtually boundless discretion." *E.g., Lopez v. State*, 458 Md. 164, 180 (2018); *Logan v. State*, 289 Md. 460, 480 (1981). In particular, it generally has the option of including a period of probation with respect to one or more counts. Maryland Code, Criminal Procedure Article ("CP"), §6-225; *see Meyer v. State*, 445 Md. 648, 679 (2015). "Probation is a creature of statute, and as such, the terms of

probation are derived from statutory authority." *Bailey v. State*, 355 Md. 287, 293 (1999). For example, a sentencing court may suspend the imposition or execution of a sentence of imprisonment and place the defendant on probation. CP §6-221. Or the court may impose what is often referred to as a "split sentence," in which it suspends execution of a sentence of imprisonment, but requires the defendant to serve part of that sentence followed by a period of probation. *See* CP §§6-222(a), 6-225(b); *see also Cathcart v. State*, 397 Md. 320, 326-27 (2007). In some cases in which a defendant has been found guilty, the court may choose to stay the entry of judgment, defer further proceedings, and place the defendant on probation – what is known as probation before judgment. CP §6-220(b)(1).[2]

In any of those situations, probation may be supervised or unsupervised, and subject to conditions set by the court. CP §6-220(b)(1) ("reasonable conditions"); CP §6-221 ("conditions that the court considers proper"). In practice, the defendant's continuation on probation is made subject to various standard conditions of probation – for example, obey all laws, report as directed to probation officer, appear in court when notified to do so, make restitution. The court may also impose special conditions of probation related to the particular case or the particular defendant – for example, participate in an alcohol or substance abuse program, complete a specified number of hours of community service, refrain from contact with certain persons.[3] At sentencing, the court is to advise the

---

[2] A defendant who successfully completes probation before judgment avoids a criminal conviction and related disqualifications. CP §6-220(g).

[3] A court may also impose a sentence of custodial confinement or imprisonment as a condition of probation. CP §§6-219, 6-225(d).

defendant of the duration and the conditions of probation and issue a written order that incorporates that information. Maryland Rule 4-346(a).

As a general rule, a period of probation imposed by a circuit court may not exceed five years. CP §6-222(a)(3)(i)1.[4] However, in cases in which restitution is a condition of probation, a circuit court may extend the period of probation, with the defendant's consent, up to an additional five years for the purpose of the defendant making restitution. CP §6-222(b)-(c).

A court that has included a period of probation in a sentence may later modify the duration or conditions of probation. Such a modification may be initiated by either the defendant, a person supervising the defendant's probation, or the court itself on its own initiative. Maryland Rule 4-346(b). After giving the defendant an opportunity to be heard, the court may "modify, clarify, or terminate any condition of probation, change its duration, or impose additional conditions." *Id.* In addition, the court "may end the period of probation at any time." CP §6-223(a). Pertinent to this case, if a defendant still owes restitution when probation is terminated, the overdue restitution account is to be referred for collection to the Central Collection Unit. CP §11-616(a).[5]

---

[4] With respect to certain sexual offenses involving minors, a circuit court may impose a period of probation up to 10 years. CP §6-222(a)(3)(ii)1. In the District Court, a period of probation may not exceed three years for most offenses and six years for certain sexual offenses involving minors. CP §6-222(a)(3)(i)2, (ii)2.

[5] The Central Collection Unit is part of the State Department of Budget and Management and is charged with collecting delinquent debts owed to the State or its agencies. Maryland Code, State Finance & Procurement Article, §3-301 *et seq.*

4

*Violations of Probation and Probation Revocation*

A court may be called upon to decide whether to modify or revoke a defendant's probation when it is alleged that the defendant has violated a condition of that probation. To begin such a proceeding, the court – either on its own initiative or upon the filing by the State's Attorney or a probation officer of a petition charging a probation violation – may issue a warrant for the defendant or a notice requiring the defendant to appear in court. CP §6-223(b); Maryland Rule 4-347(a)-(b).[6] Pending resolution of the alleged probation violation, the court may order that the defendant be confined or be released, with or without bail. CP §6-223(c).

A probation violation proceeding typically involves two steps. *Wink v. State*, 317 Md. 330, 332 (1989). First, the court must hold a hearing at which it determines, by a preponderance of the evidence, whether the defendant committed the alleged violation. Maryland Rule 4-347(e)(1); *Wink*, 317 Md. at 340-41. The hearing is to be scheduled such that the defendant has "a reasonable opportunity to prepare a defense to the charges." Maryland Rule 4-347(e)(1). At the hearing, the defendant may admit or deny the alleged violation, testify, present witnesses, and cross-examine adverse witnesses. Maryland Rule 4-347(e)(2). The hearing may be conducted informally, without strict adherence to the rules of evidence. *Id.* The hearing procedures are designed to comply with a defendant's constitutional due process rights. *State v. Brookman*, 460 Md. 291, 315-16 (2018) (citing

---

[6] If the court issues an order alleging a probation violation on its own initiative, the order must state each condition of probation that the defendant is charged with having violated and the nature of the violation. Maryland Rule 4-347(a).

*Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973)); *see also* Maryland Rule 4-346(b) (court may modify or terminate conditions of probation "after giving the defendant an opportunity to be heard").

Second, if the court finds that the defendant has violated a condition of probation, it must decide whether to modify or revoke probation. *See* CP §§6-223, 6-224.[7] If the court decides to revoke probation, the maximum period of imprisonment depends on how the defendant was placed on probation. If the court previously entered a judgment of conviction but suspended *imposition* of a sentence, the court may revoke probation and impose any sentence allowed by law for the offense of conviction. CP §6-224(b)(1)(ii). If the court previously entered a judgment of conviction and suspended *execution* of a sentence, it may sentence the defendant to "all or any part of the period of imprisonment imposed in the original sentence." CP §6-224(b)(1)(i). If the court previously entered probation before judgment, it may enter judgment, proceed as if the defendant had not been placed on probation, and sentence the defendant to any sentence allowed by law for the offense of conviction. In any of these scenarios, the court "enjoys many options." *State v. Dopkowski*, 325 Md. 671, 678-79 (1992). Among other things, the court may "suspend all or part of a sentence and place the defendant on further probation on any conditions that the judge considers proper." CP §6-224(b)(2).

---

[7] Even if a defendant violated a condition of probation, modification or revocation of probation is not automatic. "[O]rdinarily probation may not be revoked if the probationer proves that his failure to comply was not willful but rather resulted from factors beyond his control and through no fault of his own." *Humphrey v. State*, 290 Md. 164, 167-68 (1981).

6

Recently, the General Assembly has established presumptive limits on the sanction for certain types of probation violations.

*Justice Reinvestment Act Amendments*

In 2016, the General Assembly enacted the Justice Reinvestment Act ("JRA"). Chapter 515, Laws of Maryland 2016. Among other changes, that law amended the statutes governing probation. Pertinent to this case, the JRA amendments defined a category of "technical violations" of probation and specified presumptive sanctions that a court would impose for such violations. Setting limits on the sanction for a technical violation was part of a larger effort to reduce the State's prison population and invest the resulting savings in treatment and recidivism-reducing alternatives to incarceration for low-level offenders. *See* Revised Fiscal and Policy Note for Senate Bill 1005 (June 2, 2016).

The JRA amendments defined a "technical violation" of probation as:

a violation of a condition of probation … that does not involve:

(1)     an arrest or a summons issued by a commissioner on a statement of charges filed by a law enforcement officer;

(2)     a violation of a criminal prohibition other than a minor traffic offense;

(3)     a violation of a no-contact or stay-away order; or

(4)     absconding.

CP §1-101(q) (incorporating the definition of technical violation from Maryland Code, Correctional Services Article ("CS"), §6-101(m)). Pertinent to this case, "absconding" is defined as "willfully evading supervision" and "does not include missing a single appointment with a supervising authority." CS §6-101(b).

7

If a defendant commits a technical violation of probation, the court may "revoke the probation granted or the suspension of sentence" and impose a period of incarceration of:

1. not more than 15 days for a first technical violation;

2. not more than 30 days for a second technical violation; and

3. not more than 45 days for a third technical violation[.]

CP §§6-223(d), 6-224(c).[8] As indicated above, these are *presumptive* limits on the sanction to be imposed for a technical probation violation. CP §§6-223(e)(1), 6-224(c)(2)(i). The presumption may be rebutted and a more severe sanction imposed if the court finds that continued release of the defendant "would create a risk to public safety, a victim, or a witness." CP §§6-223(e)(2), 6-224(c)(2)(ii).

The JRA amendments establishing presumptive limits on the sanction for a technical violation became effective October 1, 2017. Chapter 515, §§2, 18, Laws of Maryland 2016.

## B. *Facts and Proceedings*

### *Charges, Guilty Plea, and Sentencing*

On July 6, 2013, Mr. Alexander was charged in the District Court of Maryland, sitting in Baltimore County, with one count of theft of property valued between $10,000 and $100,000, in violation of Maryland Code, Criminal Law Article, §7-104. According

---

[8] As indicated in the text, the presumptive limits on sanctions apply if a defendant has committed three or fewer technical violations. If a defendant has committed four or more technical violations, the court may impose any sentence that could have been originally imposed for the crime of conviction. CP §§6-223(d)(2)(ii), 6-224(c)(1)(iv).

to the application for the statement of charges, the alleged theft concerned cigarettes that Mr. Alexander admitted to having stolen from a Royal Farms convenience store during a period of six to eight months that he worked at the store.[9]

On March 18, 2014, after two postponements, Mr. Alexander appeared in the District Court and requested a jury trial. The case was transferred to the Circuit Court for Baltimore County.

On May 28, 2014, Mr. Alexander appeared in the Circuit Court and pled guilty to the theft charge. Following its acceptance of the guilty plea, the Circuit Court sentenced Mr. Alexander to two years imprisonment, but suspended the prison sentence and placed him on supervised probation for three years. The court included, among the conditions of that probation, a requirement that Mr. Alexander pay $11,520.00 in restitution to Royal Farms through the probation office on a schedule to be determined by the probation office. The three-year period of probation was to expire on May 28, 2017.

*2016 Probation Violation Proceeding*

On October 1, 2015, the Division of Parole and Probation charged Mr. Alexander with violating the condition of his probation that he pay restitution.[10] After several postponements, the Circuit Court held a hearing on the alleged probation violation on

---

[9] Mr. Alexander estimated that the total value of the stolen cigarettes was $11,520.00; Royal Farms estimated that the total value of the stolen cigarettes was $31,000.00.

[10] The Division alleged that Mr. Alexander had not made any restitution payments after March 4, 2015, and that he was delinquent in the amount of $4,628.91 with respect to his obligation to pay restitution.

February 11, 2016. The court found Mr. Alexander in violation of the restitution condition of his probation and amended its sentencing order. The Circuit Court maintained the two-year term of incarceration, which remained suspended in favor of three years of supervised probation. The Circuit Court also added a new condition that Mr. Alexander pay a minimum of $100 per month in restitution. The amended order specified that the new three-year probation period would run from the date of the amended order of probation – *i.e.*, February 11, 2016. As a result, the period of Mr. Alexander's probation was extended to February 11, 2019.

*2017 Probation Violation Proceeding*

On August 29, 2017, the Division of Parole and Probation again charged Mr. Alexander with violating the conditions of his probation. On this occasion, the Division alleged violations of two conditions of his probation: (1) failure to pay restitution[11] and (2) failure to report for a scheduled meeting with his probation agent the previous month. The Circuit Court issued a summons for Mr. Alexander to appear for a probation violation hearing on November 14, 2017. However, Mr. Alexander failed to appear on that date and a bench warrant was issued. Mr. Alexander was taken into custody on November 19, 2017, and remained incarcerated through the date of the rescheduled probation violation hearing on December 15, 2017 – a period of 26 days.

---

[11] The Division reported that Mr. Alexander had made payments toward his restitution obligation totaling $1,819.00 and was in arrears in the amount of $9,310.00.

In the meantime, the provisions of the JRA concerning technical probation violations and presumptive sanctions went into effect on October 1, 2017. Under those amendments, the alleged violations of probation committed by Mr. Alexander – failure to pay restitution and missing a meeting with his probation officer – were considered technical violations. Although there is no explicit explanation in the record, the parties and the court all appear to have assumed that the alleged violations at issue in the 2017 proceeding were to be regarded as "initial" technical violations for purposes of the presumptive sanctions and thus carried a presumptive sanction of 15 days incarceration.[12] CP §§6-223(d)(2)(i)1, 6-224(c)(1)(i). In other words, the parties and the Circuit Court assumed that the applicable presumptive sanction would be 15 days incarceration if the court found a violation.

The probation violation hearing on December 15, 2017 was very brief. In its entirety, it consisted of the following colloquy:

| | |
|---|---|
| Assistant State's Attorney: | We have Aaron Alexander, K-14-1326. He is present in the courtroom…. The [probation] agent is present, Your Honor, but this is going to be an admission. The State is going to concede that they are technical violations and he has been in since – |
| Defense Counsel: | I'm sorry, since November 19th of 2017. |
| The Court: | Incarcerated only in this case, [defense counsel]? |
| Defense Counsel: | I'm sorry, I missed the question. |

---

[12] We express no view on whether this assumption was correct. Mr. Alexander's previous probation violation had been adjudicated by the Circuit Court in 2016, prior to the effective date of the JRA amendments. If the alleged violations in the 2017 proceeding had been treated as a second technical violation, the presumptive sanction at the 2017 proceeding would have been 30 days incarceration. CP §§6-223(d)(2)(i)2, 6-224(c)(1)(ii).

| | |
|---|---|
| The Court: | Is he incarcerated only in this case? |
| Defense Counsel: | That's my understanding, Your Honor. |
| The Court: | All right. For the State, is there any reason to proceed at all as opposed to dismissing the violation of probation? I mean, you know, a technical violation. The…maximum sentence is 15 days. |
| Assistant State's Attorney: | Only because it would affect his -- the guidelines in a subsequent case if he was found in violation. |
| The Court: | Dismissed. The violation of probation is dismissed. He's released. |
| Defense Counsel: | Thank you, Your Honor. May I be excused? |
| The Court: | Yes, ma'am. |
| Assistant State's Attorney: | Your Honor, will you refer all the matters to [the Central Collection Unit]? There was a pretty large amount of restitution unpaid. |
| The Court: | Yeah. I'm sorry, and of K-14-001326, State of Maryland versus Aaron Alexander, petition for revocation of probation is dismissed. All uncollected fines, fees, costs, restitution referred to the central collection unit. All right. And his probation otherwise had expired so it is over. All right. |

As is evident, Mr. Alexander was prepared to admit that he had violated his probation and the State was going to concede that the violations were technical for purposes of the JRA amendments. However, the Circuit Court did not adjudicate the merits of the probation violation petition. Instead, it dismissed the petition because Mr. Alexander had already been incarcerated in pre-hearing custody for 26 days – longer than the presumptive sanction of 15 days imprisonment.

12

The Circuit Court directed that Mr. Alexander be released from custody. The Circuit Court also appeared to take the additional step of terminating Mr. Alexander's probation 14 months before its expiration in February 2019 when the court described the probation as "over" and referred the responsibility for collecting his unpaid restitution to the Central Collection Unit. However, as we shall discuss below, it does not appear that the Circuit Court actually *decided* to terminate Mr. Alexander's probation early, but rather was under the misimpression that the original termination date of the probation period in May 2017 still pertained and that the probation period had already expired months earlier.

*The Appeal*

The State appealed. In an unreported decision issued on November 20, 2018, the Court of Special Appeals noted that the Circuit Court had "effectively terminated" Mr. Alexander's probation when it dismissed the probation violation petition and referred the uncollected restitution to the Central Collection Unit. The intermediate appellate court held that the pertinent statutes and rules conferred discretion on the Circuit Court to take such actions without adjudicating the merits of the probation violation petition. It found no abuse of discretion in Mr. Alexander's case and affirmed the Circuit Court's judgment. *State v. Alexander*, 2018 WL 6074458 (2018).[13]

The State filed a petition for a writ of *certiorari*, which we granted.

**II**

---

[13] The Court of Special Appeals also held preliminarily that the State may directly appeal from a circuit court's dismissal of a probation violation petition. That issue is not before us.

13

**Discussion**

To decide this appeal, we consider the following issues:

(1)  Whether a circuit court has discretion to dismiss a probation violation petition or to terminate probation without holding a hearing.[14]

(2)  To the extent that a circuit court has discretion to take either of those actions, whether the Circuit Court abused its discretion in this case.

### A.  *Whether the Circuit Court Had Discretion*

1.    Discretion to Dismiss a Probation Violation Petition without a Hearing

The State argues that a court lacks authority to dismiss a probation violation petition without holding a hearing to adjudicate the merits of the petition.  It relies on the statutory authority of a prosecutor or a probation officer to initiate a probation violation proceeding, as well as the language of the pertinent rule.

*Whether Dismissal without a Hearing Interferes with Prosecutorial Discretion*

The State argues that, because a probation revocation proceeding is related to the underlying criminal case, a court may not *sua sponte* dismiss a probation violation petition without holding a hearing to determine whether there was a violation.  The State reasons that, just as a court does not have discretion to override a prosecutor's decision to charge

---

[14] Arguably, there was a hearing in this case – the December 2017 probation violation hearing.  The State asserts that the hearing was insufficient because the court did not adjudicate the merits of the petition and, although the State's Attorney had an opportunity to argue that the Court should not terminate Mr. Alexander's probation, the hearing had not been scheduled to address that question.  In light of our conclusion that a circuit court was not required to hold a hearing in this case, we need not address whether the December 2017 hearing sufficed.

14

an offense in a criminal case, the court may not annul the decision of a State's Attorney or a probation officer to prosecute an alleged violation of probation without addressing the merits of that allegation.

Under the State statutes and rules governing probation, a court has greater authority over the initiation and prosecution of a probation violation charge than over the underlying criminal charge. As outlined above, the relevant provisions state that a court "may" initiate probation violation proceedings, not only at the behest of the State's Attorney or the Division of Probation and Parole, but also on its own initiative. Even if a prosecutor or probation officer seeks to initiate a probation violation proceeding, it is up to the court whether to issue the appropriate notice, summons, or warrant. CP §6-223(b); Maryland Rules 4-346(b), 4-347(a). Moreover, while a probation violation proceeding is related to a criminal prosecution, "the proceeding is not itself a new criminal prosecution; the commission of a crime is not charged and the alleged violation of probation, if established, is not punishable beyond the reimposition of the original sentence imposed." *Howlett v. State*, 295 Md. 419, 424 (1983). Indeed, probation violation proceedings are treated as civil proceedings. *Gibson v. State*, 328 Md. 687, 690 (1992).

The Division of Parole and Probation and the State's Attorney both have an interest in a defendant's probation and may play an important role in a probation violation proceeding. But it is the sentencing judge who imposes sentence and sets the duration and conditions of probation and thus retains ultimate control over proceedings to modify or revoke probation. CP §§6-220(b), 6-221. Given the discretion conferred on a court by the

15

statutes and rules governing probation, a court's dismissal of a probation violation petition without reaching the merits of the petition does not interfere with prosecutorial discretion.

*Whether a Hearing is Always Required by the Rule*

The first sentence of Maryland Rule 4-347(e)(1) states that "the court *shall* hold a hearing to determine whether a violation has occurred and, if so, whether probation should be revoked." (emphasis added). The use of the verb "shall" could mean that an adjudicatory hearing is mandatory in all cases and that a court has no discretion to dispense with one in disposing of a probation violation petition.

However, the directive in Maryland Rule 4-347(e)(1) must be considered in light of its purpose. Maryland Rule 1-201(a).[15] That purpose is, in the language of the rule, "to determine whether a violation has occurred and, if so, whether the probation should be revoked." The rule requires a hearing only when the court needs to engage in the two-step evaluation of whether the defendant has committed a violation of probation and whether probation should be modified or revoked. As outlined above, a defendant has certain due process rights in those circumstances. Also, there may be cases in which it is particularly important for the court to hear from victims or others in reaching an appropriate disposition. But the purpose of the rule does not require that a court hold an adjudicatory hearing on the merits of a probation violation petition in every case. For example, there are occasions

---

[15] That rule provides in relevant part: "When a rule, by the word 'shall' or otherwise, mandates … conduct [and] no consequences are prescribed, the court … may determine the consequences of the noncompliance in light of the totality of the circumstances and the purpose of the rule."

in which a probation violation petition may be dismissed as a matter of law. *See, e.g.*, *Kupfer v. State*, 287 Md. 540, 543-44 (1980) (holding that trial court should have dismissed probation violation proceeding because maximum probationary period had elapsed). A court may also decide that the interests of justice do not require it to reach the merits of an alleged violation in a particular case and dispense with holding a hearing for that purpose.

2.      Discretion to Terminate Probation without a Hearing

The State also argues that a circuit court does not have discretion to terminate probation without first holding a hearing. According to the State, the pertinent statute – CP §6-223(a) – is ambiguous on whether a hearing is required before the court can end a period of probation. It further reasons that, because probation is part of a sentence, ending a period of probation necessarily results in a sentence modification, which triggers the requirement in Maryland Rule 4-345 that the court hold a hearing before modifying a sentence.

*CP §6-223(a) and Maryland Rule 4-346*

As previously outlined, CP §6-223(a) states that the court "may end the period of probation at any time." By its plain language, CP §6-223(a) does not require a hearing before a court may end a period of probation.[16] The statute is not ambiguous.

_____

[16] As the Court of Special Appeals noted, this broad grant of authority is particularly evident when comparing the Maryland statute with statutes of other states that expressly limit a court's authority to end probation. *See, e.g.*, Alabama Code, Criminal Procedure Article, §15-22-54 (court may end probation prior to the date of completion upon the supervising officer's recommendation and upon a showing of continued satisfactory compliance with the conditions of probation); Arizona Revised Statutes, Criminal Code, §13-901 ("[t]he court, on its own initiative or on application of the probationer, after notice and an opportunity to be heard for the prosecuting attorney and, on request, the victim, may

17

The rule governing modification of probation – including a change in the duration of probation – directs a court to provide a defendant with an opportunity to be heard, but does not otherwise require a hearing before a court terminates probation. Maryland Rule 4-346(b) states that "on motion of the defendant or of any person charged with supervising the defendant while on probation or on its own initiative, the court, *after giving the defendant an opportunity to be heard*, may modify, clarify, or terminate any condition of probation, change its duration, or impose additional conditions." (emphasis added). As noted above, this provision – like Maryland Rule 4-347 concerning revocation of probation – codifies due process protections for the defendant when a court might take action adverse to the defendant. The rule does not require an adjudicatory hearing when the court takes action favorable to the defendant, such as terminating the period of probation early.

*Maryland Rule 4-345(f)*

Maryland Rule 4-345(f)[17] requires that a court hold a hearing in open court before it modifies or vacates a defendant's sentence. The requirement is triggered when a motion is filed within 90 days of sentencing and certain notices are provided to any victims who have filed a notification request. Maryland Rule 4-345(e).

---

terminate the period of probation"); Louisiana Code of Criminal Procedure, Article 897 (court may terminate the defendant's probation after the defendant has been on probation for one year and either the State has verified that it does not oppose the termination of probation or the court has held a contested hearing with the State).

[17] Maryland Rule 4-345(f) provides in relevant part: "The court may modify, reduce, correct, or vacate a sentence only on the record in open court, after hearing from the defendant, the State, and from each victim or victim's representative who requests an opportunity to be heard."

A motion to modify a sentence under Rule 4-345 is distinct from a motion to modify probation under Maryland Rule 4-346 or a proceeding to revoke probation under Maryland Rule 4-347. In *Argabright v. State*, 76 Md. App. 706, 708 n.2 (1988), former Chief Judge Bell, then a member of the Court of Special Appeals, recognized the distinction between the court's power to modify *probation* under Maryland Rule 4-346(b) and the court's power to modify a *sentence* under Maryland Rule 4-345. We agree that Maryland Rule 4-346(b) and Maryland Rule 4-345 pertain to different revisory powers of the trial court. If Maryland Rule 4-345(f) were held to apply to probation violation petitions, it would raise a host of questions as to how other provisions of that rule applied to those petitions. Probation is governed by its own set of rules and statutes separate from those that govern the initial sentencing of a defendant. Maryland Rule 4-345(f) does not affect the court's authority to terminate a period of probation without first holding a hearing.

## B.     *Whether the Circuit Court Abused its Discretion*

### 1.      The Abuse-of-Discretion Standard

In light of the conclusions reached in the previous section of this opinion, we review a circuit court's decision to dismiss a probation violation petition or to end probation early under an abuse-of-discretion standard. This is a very deferential standard. An abuse of discretion occurs "where no reasonable person would take the view adopted by the [trial] court," "when the court acts without reference to any guiding rules or principles," or when the court's "ruling is clearly against the logic and effect of facts and inferences before the court." *Alexis v. State*, 437 Md. 457, 478 (2014) (quotation marks and citations omitted).

On occasion, however, there is a preliminary question as to whether the court, in fact, exercised its discretion. A "proper exercise of discretion involves consideration of the particular circumstances of [the] case" and the court's exercise of discretion must be clear from the record. *Gunning v. State*, 347 Md. 332, 351-52 (1997) (citation omitted). A failure to exercise discretion – for whatever reason – is by definition not a proper exercise of discretion.

### 2. Dismissal of the Probation Violation Petition

At the December 15, 2017 hearing, the Circuit Court dismissed the probation violation petition without reaching the merits of that petition – even though Mr. Alexander was prepared to admit to the violation. At the hearing, the court solicited the prosecutor's position on whether it was necessary to adjudicate the petition in light of the undisputed fact that the petition alleged technical violations for which the presumptive sanction of 15 days incarceration was less than the 26 days Mr. Alexander had already spent in custody. In response, the prosecutor alluded only to the potential consequences that a formal finding of a probation violation might have if Mr. Alexander were convicted of a crime or found to have violated probation in the future.[18]

---

[18] A court adjudicating a hypothetical future probation violation or sentencing Mr. Alexander in a hypothetical future criminal proceeding might take into account the number and nature of his prior probation violations. For example, if Mr. Alexander had continued on probation in this case and committed another technical violation, the presumptive sanction for that violation would be greater in light of a prior violation.

On appeal, the State has also elaborated that an "offender score" under the Maryland Sentencing Guidelines is increased if the defendant has ever been found in violation of probation. *See* Maryland Sentencing Guidelines Manual, 29 (2019), available at https://perma.cc/K68T-M9DM. However, in Mr. Alexander's case, his offender score

The reason offered by the State for addressing the merits of the probation violation petition was certainly a valid consideration. However, in our view, the Circuit Court acted within its discretion when it apparently decided that the potential consequences of a violation finding were too attenuated to warrant adjudicating the petition. Perhaps we would have come to a different conclusion if the State had indicated that it would be producing evidence to overcome the statutory presumption and would be asking the court to impose a longer period of incarceration because release of Mr. Alexander would, in the language of the statute, "create a risk to public safety, a victim, or a witness."[19] Or perhaps a different conclusion would be warranted in a case where an individual victim appeared and asked to be heard on the disposition of the petition.[20] However, neither situation was present here.

The State points out that, instead of dismissing the petition, the Circuit Court could have found Mr. Alexander in violation of his probation, imposed the presumptive sanction of 15 days incarceration, and then credited his time in custody against that sanction pursuant to CP §6-218(b). This may well have been the preferable way formally to achieve a similar disposition to that achieved by the Circuit Court's practical approach. In light of

would already be subject to that enhancement as he had been found in violation of his probation in 2016.

[19] CP §§6-223(e)(2), 6-224(c)(2)(ii).

[20] *See* CP §11-503 (requirement that State's Attorney notify victim of "subsequent proceedings" after sentencing if victim has requested notice); CP §11-102 (victim's right to attend proceedings); *cf.* CP §11-507 (notice to victim of violent crime of defendant's alleged probation violation).

the fact that the State did not make that suggestion when asked by the Circuit Court at the hearing for reasons not to dismiss the petition, we cannot, as Monday morning quarterbacks, hold that it abused its discretion in taking the action that it did.

Under the circumstances of this case, we cannot say that the Circuit Court's decision was "clearly against the logic and effect of facts and inferences before the court."

3.      Termination of Mr. Alexander's Probation

At the December 2017 hearing, the Circuit Court appeared to end Mr. Alexander's probation by stating that "his probation otherwise had expired so it is over" and referring unpaid restitution to the Central Collection Unit. It appears from this statement that the Circuit Court was under the misimpression that Mr. Alexander's probation period had already expired, when in fact there were 14 months remaining.[21] As recounted above, while Mr. Alexander's probation was originally set to expire in May 2017, it was extended to February 2019 as a result of his 2016 probation violation.

It is also notable that the Circuit Court did not provide any explanation as to why it might be choosing to terminate Mr. Alexander's probation early. The probation statutes specifically allow a court to impose an *extended* period of probation when restitution is a condition of probation. Both probation violation petitions involving Mr. Alexander concerned his failure to fulfill the restitution condition of his probation and the court had

---

[21] This misimpression might have been the result of the State's request that the court refer Mr. Alexander's restitution obligation to the Central Collection Unit – presumably pursuant to the statute that requires such a referral when there is an unpaid restitution obligation at the end of a defendant's probation period. *See* CP §11-616(a)(2).

extended the period of probation in disposing of the first petition. The record strongly suggests that the Circuit Court did not in fact exercise discretion when it declared that Mr. Alexander's probation had expired.

Mr. Alexander argues that, based on his history of nonpayment of restitution, the Circuit Court was well within its discretion to terminate probation because continued nonpayment and incarceration would not achieve the goals of restitution. While the Circuit Court certainly might have ended Mr. Alexander's probation based on this justification, the record does not show that this was the court's intent.

If the Circuit Court did believe that Mr. Alexander's probation had expired and terminated his probation based on that belief, the court was operating under a mistake of fact and therefore did not actually exercise discretion when it ended Mr. Alexander's probation. When a court has discretion and does not exercise it, its decision does not survive under an abuse-of-discretion standard.

This case will be remanded to the Circuit Court for further proceedings in which the court may either exercise its discretion and decide whether to maintain Mr. Alexander on probation for an additional 14 months, indicate that it previously decided not to do so, or take any other appropriate action.

23

# III

## Conclusion

For the reasons explained above, we hold:

(1)  A circuit court has discretion, in most instances, to dismiss a probation violation petition without holding a hearing.  A circuit court also has discretion, in most instances, to terminate a defendant's probation before the period of probation expires without holding a hearing.

(2)  In Mr. Alexander's case, the Circuit Court did not abuse its discretion when it dismissed the probation violation petition in light of the fact that Mr. Alexander had already been in custody for a period that exceeded the presumptive sanction for the probation violation and the State did not proffer any facts suggesting that the Circuit Court could make the findings required to exceed the presumptive sanction.

(3)   Although the Circuit Court had discretion to terminate Mr. Alexander's probation early, the record suggests that the court was acting under a misimpression that the probation period had already expired and did not in fact exercise its discretion. Accordingly, this case will be remanded so that the Circuit Court may either exercise its discretion, indicate that it has already done so, or take any other appropriate action.

> **JUDGMENT OF THE COURT OF SPECIAL APPEALS VACATED WITH DIRECTIONS TO REMAND THE CASE TO THE CIRCUIT COURT FOR BALTIMORE COUNTY TO CONDUCT FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.  COSTS TO BE PAID BY BALTIMORE COUNTY.**