*Kenneth Lee Wharton, III v. State of Maryland*, No. 1060, Sept. Term, 2024. Opinion filed on February 25, 2026, by Wells, C.J.

**CRIMINAL LAW – PROBATION EXTENSION – CONSENT**

So long as a defendant is provided the necessary information regarding the conditions and duration of probation, the defendant agrees to both in signing the probation order. An implicit condition of probation is its duration. No Maryland case or statute recognizes a defendant's right to refuse probation or extensions, let alone requires that they be advised of that right before imposition. A defendant cannot consent to illegal conditions of probation, but the inclusion of illegal conditions does not invalidate a defendant's consent to an extension.

In this case, Wharton had been advised orally of the extension and it was written on the probation order he signed along with the other conditions the court imposed. By so signing, Wharton consented to the conditions of his probation for its extended duration. In doing so, he necessarily consented to the extension itself. It made no difference that certain non-restitution conditions the court imposed were illegal.

**CRIMINAL LAW – ILLEGAL SENTENCE – PROBATION**

A term of probation is typically subject to standard conditions, such as, obey all laws, report as directed to probation officer, appear in court when notified to do so, make restitution, et cetera. Generally, a circuit court may not impose a period of probation longer than five years. However, if restitution is a condition of probation, the court may extend it for an additional five years for the sole purpose of making restitution under Md. Code Anno. Courts & Judicial Proceedings ("CP") Article § 6-222(b)(1)(i). In making such an extension, the court does not have the authority to impose additional conditions, including the standard conditions, on top of the requirement that the probationer make restitution.

In this case, the court extended Wharton's probation more than five years beyond the initial five-year period for the purpose of collecting restitution. But the court also imposed the standard conditions of probation. Those conditions were impermissible. As a result, the sentence was illegal.

**CRIMINAL LAW – ILLEGAL PROBATION EXTENSION – EFFECT**

When a probation extension contains impermissible conditions, it is illegal and a nullity. Therefore, violations of probation committed under the illegal extension are void as a matter of law. Because no cognizable violation was alleged, the circuit court lacked jurisdiction to find that any occurred. Consequently, correcting the illegal sentence on remand also requires setting aside any alleged violations found under the illegal probation

extension. Here, Wharton's 2019 extension was an illegal sentence, so his violations of probation under that illegal sentence in 2021 are void.

Circuit Court for Worcester County
Case No.: 23-K-11-000179

REPORTED

IN THE APPELLATE COURT

OF MARYLAND

No. 1060

September Term, 2024

_____

KENNETH LEE WHARTON, III

v.

STATE OF MARYLAND
_____

Wells, C.J.,
Leahy,
Harrell, Glenn T., Jr.
   (Senior Judge, Specially Assigned),

JJ.
_____

Opinion by Wells, C.J.
_____

Filed: February 25, 2026

Pursuant to the Maryland Uniform Electronic Legal
Materials Act (§§ 10-1601 et seq. of the State
Government Article) this document is authentic.



Gregory Hilton, Clerk

Appellant Kenneth Lee Wharton, III, appeals the denial of his motion to correct illegal sentence by the Circuit Court for Worcester County. He contends the circuit court imposed an illegal sentence when it extended his probation in 2019 ("the 2019 Extension") because he did not validly consent to it in writing, as required by Md. Code Ann., Crim. Proc. ("CP") § 6-222(c)(1). The State agrees the 2019 Extension was an illegal sentence, but for a different reason: it claims the circuit court imposed "all standard conditions" of probation, which exceeded its authority under CP § 6-222(c)(2) because the extension must be "only for making restitution."

For the reasons below, we ultimately agree with the State's reasoning that the 2019 Extension was an illegal sentence and shall reverse the circuit court's judgment. As a practical matter, although neither party addresses the issue, this decision additionally reverses two findings that Wharton committed non-technical violations of his probation in 2021.

## BACKGROUND

In 2011, Wharton pleaded guilty to first-degree assault. The circuit court later sentenced him to ten years' incarceration, with all but 18 months suspended, followed by three and a half years of supervised probation. As a condition of his probation, the court also ordered Wharton to pay $65,192 in restitution to the victim.

Wharton's probation was set to expire on March 29, 2016, but he still owed $61,215.84 in restitution, which he would not be able to pay off before the scheduled expiration date. Consequently, after a violation of probation ("VOP") hearing, the court continued his probation for an additional three and a half years, with the last two years

unsupervised, beginning in November 2017. After another hearing in November 2017, the court entered an "amended" probation order indicating that, per the State's request, Wharton's probation would remain supervised until April 2019 so that he could "continue to make [the] payments."

Wharton still had an outstanding restitution balance in September 2019, so, after another VOP hearing, the circuit court "extend[ed] [his] probation for the purpose of restitution for an additional five years." Wharton signed a new "amended" probation order that indicated the five-year extension, imposed "all standard conditions" of probation—including that he "obey all laws"—and ordered restitution within two and a half years of probation.

A few months later, Wharton was charged with second-degree assault, followed by two counts of violating a condition of pre-trial release. The State notified the court of these new charges, and a VOP hearing was held in July 2021. At the hearing, Wharton admitted to two non-technical violations of his probation. The court accepted Wharton's admission, found him in violation of his probation, and continued the probation without modification.

Three years later, Wharton still owed more than $20,000 in restitution, so the court held another VOP hearing in July 2024. There, Wharton moved to correct an illegal sentence, arguing the 2019 Extension was illegal because he did not validly consent in writing. *See* CP § 6-222(c). The circuit court denied his motion, finding Wharton's signature on the 2019 Extension Order was sufficient written consent. Wharton then consented to another five-year extension of his probation in exchange for the State withdrawing its VOP petition. This appeal followed.

**STANDARD OF REVIEW**

Under Maryland Rule 4-345(a), a "court may correct an illegal sentence at any time." A sentence is "inherently illegal" for purposes of Rule 4-345(a) where there was no conviction warranting any sentence, *Chaney v. State*, 397 Md. 460, 466 (2007); where the sentence imposed was not a permitted one, *id.*; or where the sentence imposed exceeded the sentence agreed upon as part of a binding plea agreement, *Matthews v. State*, 424 Md. 503, 514 (2012). We review *de novo* whether a sentence is an illegal sentence. *State v. Crawley*, 455 Md. 52, 66 (2017).

**DISCUSSION**

"Probation is a creature of statute, and as such, the terms of probation are derived from statutory authority." *Bailey v. State*, 335 Md. 287, 293 (1999). A circuit "court has the authority to set conditions and determine whether probation is supervised or unsupervised." *Maddox v. State*, 249 Md. App. 441, 447 (2021). Typically, probation is subject to standard conditions. *Id.* For example: "obey all laws, report as directed to probation officer, appear in court when notified to do so, make restitution." *State v. Alexander*, 467 Md. 600, 606 (2020).

Generally, a circuit court may not impose a period of probation longer than five years. *See* CP § 6-222(a)(3)(i). If restitution is a condition of probation, however, the court may extend the period of probation for an additional five years "[f]or the purpose of making restitution[.]" CP § 6-222(b)(1)(i). From then on, the court may continue extending the probation if: "(1) the defendant consents in writing; and (2) the extension is only for making restitution." CP § 6-222(c).

3

On appeal, Wharton argues that, under CP § 6-222(c)(1), the 2019 Extension was an illegal sentence because he did not validly consent to it in writing. In the State's view, we need not address Wharton's argument because his sentence was clearly illegal under CP § 6-222(c)(2) due to the circuit court's imposition of "all standard conditions" of probation. Although the State is correct that it is not strictly necessary to resolve Wharton's consent argument,[1] we shall nevertheless exercise our discretion under Rule 8-131(a) to address the issue for the circuit court's guidance on remand. *See Velasquez v. Fuentes*, 262 Md. App. 215, 242 (2024).

I.      **Wharton Validly Consented to the 2019 Extension.**

At the 2019 VOP hearing, the court explained to Wharton that it was "going to extend [his] probation for the purpose of restitution for an additional five years with the same payments to be made." Wharton signaled his understanding of the extension and then signed the Second Amended Probation/Supervision Order. Supplementing its oral advisement, the court wrote on the Order that it was "extend[ing] [Wharton's] probation

---

[1] We reject the State's footnoted suggestion that Wharton's argument is not cognizable as an issue of intrinsic legality of his sentence. True, mere "product[s] of procedural error," such as the State's failure to give timely notice of a sentencing enhancement as statutorily required, are not cognizable as issues of sentence legality. *Bailey v. State*, 464 Md. 685, 697 (2010). If Wharton's argument was based solely on the lack of a separate writing expressing his consent to the 2019 Extension, we agree that it would not be cognizable. But here, Wharton claims he did not consent to the extension at all. His argument does not allege a mere "product of procedural error" and is, therefore, cognizable as an issue of sentence legality. *Compare*, *e.g.*, *King v. State*, 300 Md. 218, 231 (1984) (holding that a defective notice that still informed defendant of potential sentencing enhancement was a harmless procedural error) *with Carter v. State*, 319 Md. 618, 622–23 (1990) (vacating a sentencing enhancement where no notice was given at all).

for 5 years from 9-24-19." Wharton signed the Consent section of the Order, which stated, among other things:

> I have read, or have read to me, the above conditions of probation. I understand these conditions and agree to follow them. I understand if I do not follow these conditions, I could be returned to court charged with a violation of probation.

By signing the Consent section, Wharton acknowledged and agreed to the terms of his probation. *See Meyer v. State*, 445 Md. 648, 688 (2015). On appeal, Wharton draws a distinction between consenting to the conditions of his probation and consenting to the extension itself. This is a distinction without a difference.

At its core, probation is "a consensual agreement between the trial court and a defendant[.]" *Id.* at 687. The defendant obtains their freedom subject to the conditions imposed by the court. *See Scott v. State*, 238 Md. 265, 275 (1965). An implicit condition of every probation is its duration. In other words, the defendant agrees to follow the conditions imposed by the court for the duration set by the court. *See Carter v. State*, 193 Md. App. 195, 210–11 (2010) (explaining that, absent a violation, probation expires automatically at the end of the imposed duration). So long as the defendants are provided the necessary information regarding the conditions and duration of their probation, they agree to both when they sign their probation order. *Cf. State v. Bustillo*, 480 Md. 650, 671–72 (2022) (holding that the sentencing court's failure to advise a defendant orally of the conditions and duration of his probation was a procedural error, made harmless by the fact that the probation order he signed provided "any missing information").

Here, Wharton had all the necessary information[2] when he signed his probation order; he had been advised orally of the extension, and it was written on the order along with the other conditions the court imposed. Put simply, by signing his probation order, Wharton consented to the conditions of his probation for the extended duration of his probation. In doing so, he necessarily—if implicitly—consented to the extension itself. It makes no difference that, for reasons discussed below, the non-restitution conditions were illegal. To be sure, a defendant cannot consent to illegal conditions of probation. *See Holmes v. State*, 362 Md. 190, 195–96 (2000). But the inclusion of the illegal conditions did not invalidate Wharton's consent to the extension; conversely, his consent to the extension did not validate the illegal conditions. Therefore, Wharton's signature on the 2019 Probation Order was sufficient written consent to the extension under CP § 6-222(c)(1).

## II. The Conditions Imposed Under the 2019 Extension Rendered it an Illegal Sentence.

Despite Wharton's otherwise valid consent, however, the 2019 Extension was still an illegal sentence. As noted, a circuit court may not extend a period of probation more than five years beyond the initial five-year period unless "the extension is only for making

---

[2] In his brief, Wharton, citing only general principles of due process, claims that "[t]he requirement for written consent under [CP] § 6-222[(c)] obviously requires that the defendant possess a level of knowledge of the right not to consent and requires that the defendant make an affirmative expression, otherwise, to do so." We note that no Maryland case or statute recognizes a defendant's right to refuse probation or extensions, let alone requires that they be advised of that right before imposition. Moreover, Wharton signing the Consent section of his probation was an affirmative expression of his consent. Thus, we reject this argument.

restitution." CP § 6-222(c). In making these further extensions, the court "does not have the authority to impose any conditions of probation other than to make restitution payments and not to hinder supervision of those payments." *Maddox*, 249 Md. App. at 461.

Here, the circuit court extended Wharton's probation more than five years beyond the initial five-year period for the purpose of restitution and imposed the standard conditions of probation. The addition of these conditions was impermissible. *See id.* As a result, the sentence was inherently illegal. *Chaney*, 397 Md. at 466. Although Wharton otherwise validly consented to the 2019 Extension, he could not consent to an inherently illegal sentence. *See Holmes*, 362 Md. at 195–96. Thus, the circuit court erred in denying Wharton's motion to correct an illegal sentence, and we shall reverse its judgment.

### III. Remand

As a final note, neither party discusses the practical effect of our holding that the 2019 Extension was an illegal sentence. Often, the remedy for illegal conditions is to simply modify the defendant's sentence to strike them. *See*, *e.g.*, *State v. Duran*, 407 Md. 532, 555–56 (2009); *Holmes*, 362 Md. at 197. Indeed, following the State's concession of error in this appeal, the circuit court struck the non-restitution conditions of Wharton's probation. Yet, the State seems to implicitly concede that the structure of CP § 6-222(c) requires more than simply striking the illegal conditions. We agree. Nothing in the text of CP § 6-222(c) suggests the legislature intended the two extension requirements "be interpreted other than in the conjunctive." *Comptroller v. Fairchild Indus., Inc.*, 303 Md. 280, 286 (1985). Thus, if either is missing, the extension itself is an illegal sentence, and,

7

upon reversal, the case should generally be remanded for resentencing or a correction of the record of disposition. *See Maddox*, 249 Md. App. at 461–62.

Nonetheless, that still leaves Wharton's 2021 non-technical VOP findings, which, again, neither party mentions. We have not found any Maryland case directly addressing what effect vacating an illegal probation extension has upon earlier, unchallenged findings that a defendant violated their probation during that illegal extension. However, in *Johnson v. State*, 427 Md. 356, 360 (2012), an appeal from the denial of a motion to correct an illegal sentence filed 16 years after the conviction, is instructive.

There, the Supreme Court of Maryland vacated both the sentence and underlying conviction for assault with intent to murder because the defendant was never properly charged with that crime. *Id.* at 378. The Court reasoned that, "[w]hen the illegality of a sentence stems from the illegality of the conviction itself, Rule 4-345(a) dictates that both the conviction and the sentence be vacated." *Id.* This reasoning flows from the basic principle that "where no cognizable crime is charged, the court lacks fundamental subject matter jurisdiction to render a judgment of conviction, *i.e.*, it is powerless in such circumstances to inquire into the facts, to apply the law, and to declare the punishment for an offense." *Williams v. State*, 302 Md. 787, 792 (1985). Thus, correcting an illegal sentence "set[s] aside what [the sentencing court] had no authority to do, and substitute[s] direction required by the law to be done upon the conviction of the offender." *Bozza v. United States*, 330 U.S. 160, 167 (1947) (cleaned up).

As we have discussed, the 2019 Extension was an illegal sentence. As such, it was a nullity. *See Tolson v. State*, 201 Md. App. 512, 518–19 (2011) (holding that when a court

8

alters a sentence without authority to do so, that alteration is a "nullity"). It follows, then, from the logic underpinning *Johnson* and *Tolson*, that the 2021 VOP findings are void as a matter of law—no cognizable violation was alleged, so "the court lacked fundamental jurisdiction" to find that any occurred. *Williams*, 302 Md. at 792. Consequently, upon remand, correcting Wharton's illegal sentence requires also setting aside the 2021 VOP findings.

**JUDGMENT OF THE CIRCUIT COURT FOR WORCESTER COUNTY VACATED. CASE REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. COSTS TO BE PAID BY WORCESTER COUNTY.**